UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05180-JLS-MAA                                   Date: September 25, 2023
Title:  Cristerna v. FedEx Corp., et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER: 1) DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 12) AND 2) GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 9)**

Before the Court is Plaintiff Martha Cristerna's Motion to Remand.  (Pl.'s Mot., Doc. 9.)  Defendants FedEx Corporation and Federal Express Corporation (hereinafter referred to collectively as "FedEx") opposed, and Plaintiff replied.  (Defs.' Opp., Doc. 23; Pl.'s Reply, Doc. 37.)  Also before the Court is Defendants' Motion to Dismiss. (Defs.' Mot., Doc. 12.)  Plaintiff opposed, and Defendants replied.  (Pl.'s Opp., Doc. 13; Defs.' Reply, Doc. 17.)  The Court took this matter under submission and, for the following reasons, DENIES Plaintiff's Motion and GRANTS Defendants' Motion.

**I.      BACKGROUND**

The Court recounted the facts giving rise to this action in a previous Order Granting Plaintiff's Motion to Remand.  (*See* Ex. 55 to Notice of Removal ("NOR"), Order Dated April 5, 2023 at 55-1–55-3, Doc. 1-5.)   In brief, Cristerna was employed by FedEx Corporation and Federal Express Corporation in October 2020 as a Shuttle Driver. (*Id.* at 55-1.)  She had an accident at work on February 23, 2021. (*Id.* at 55-2.)  Her injury required her to take medical leave and have surgery, but complications with the

**CIVIL MINUTES – GENERAL**
1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:23-cv-05180-JLS-MAA | Date: September 25, 2023 |
| Title:  Cristerna v. FedEx Corp., et al. | |

that she had to return to work or apply for another available position within the company before her leave expired at the end of August.  (*Id.*)  She asked for light duty in her old position as Shuttle Driver, but was told no light duty position was available.  (*Id.*)  Cristerna did not return to work or apply for another position and so on December 8, 2021, she was terminated for exceeding her maximum sick leave allowance, being unable to perform the essential functions of her position, and failing to secure another position.  (*Id.* at 55-2–55-3.)

### A. Allegations in the First Amended Complaint

Cristerna filed this action in Los Angeles County Superior Court on November 14, 2022.  (Pl.'s Mot. at 1.)  She brought twelve causes of action against Defendants FedEx Corporation and Federal Express Corporation: 1) discrimination on the basis of disability in violation of California's Fair Employment and Housing Act ("FEHA"); 2) hostile work environment and harassment in violation of FEHA; 3) retaliation in violation of FEHA; 4) failure to provide reasonable accommodation in violation of FEHA; 5) failure to engage in the interactive process in violation of FEHA; 6) failure to prevent discrimination, harassment, or retaliation in violation of FEHA; 7) breach of an express oral contract not to terminate without good cause; 8) breach of implied-in-fact contract not to terminate without good cause; 9) negligent hiring, supervision, and retention; 10) wrongful termination; 11) whistleblower retaliation; and 12) intentional infliction of emotional distress ("IIED").  (*See generally* First Amended Complaint ("FAC"), Doc. 1-2.)  She also named her supervisor, Kenny Goodnight, as a defendant and alleged that he was individually liable for harassment and IIED.  (*Id.*)

In support of these claims, the FAC describes several interactions Cristerna had with Goodnight, her Operating Manager.  Cristerna alleges that Goodnight first tried to dissuade her from see in the work doctor, saying that "it's not going to look good and it's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05180-JLS-MAA                                        Date: September 25, 2023
Title:  Cristerna v. FedEx Corp., et al.

received a medical note granting her leave, Goodnight then forced her to see the work doctor who also recommended leave.  (*Id.* ¶ 14c.)  Cristerna asked for light duty work and "Defendants" told her none were available.  (*Id.* ¶ 14d.)  While out on leave, Cristerna alleges that Goodnight asked her to come in and complete a workplace survey and to mark down that she was satisfied with her employment.  (*Id.* ¶ 14f.)  Cristerna instead completed the survey honestly and noted her dissatisfaction with management.  (*Id.*)  Cristerna also alleges that Goodnight called her to ask her when she was coming back to work.  (*Id.* ¶ 14g.)

Cristerna was told on June 2, 2021 that her leave would expire on August 30, but in July 2021 she experienced surgery complications that delayed her recovery.  (*Id.*¶¶ 14h, 14i.)  In July, Goodnight called Cristerna and told her, "We don't have anything for you" and when she inquired about light duty tasks like giving out keys or monitoring the gate, Goodnight told her nothing like that was available and she would have to apply for other positions in the company.  (*Id.* ¶ 14j.)  Cristerna did not return to work or apply for a new position; she was terminated in December.  (*Id.* ¶ 15.)  The FAC makes no further factual allegations as to Goodnight's conduct and the actions of FedEx.

   **B.**     **Procedural History**

FedEx removed to federal court on January 9, 2023, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332.  (NOR ¶ 5.)  Cristerna is a citizen of California and both Defendant corporations are incorporated in Delaware with principal places of business in Tennessee.  (NOR ¶¶ 15, 16.)  Even though Defendant Goodnight was also a citizen of California and undermined the existence of complete diversity, FedEx argued that Goodnight was fraudulently joined and could be disregarded for the purposes of deciding jurisdiction.  This Court disagreed that Goodnight was fraudulently joined.  Even though the claims for harassment and IIED were insufficiently pleaded, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-05180-JLS-MAA                                  Date: September 25, 2023
Title: Cristerna v. FedEx Corp., et al.

harassment and IIED. (Ex. 55 to NOR at 55-5–55-6.) The action was remanded to state court. (*Id.* at 55-6.)

In state court, FedEx and Goodnight both demurred. (Defs.' Opp. at 6.) Although Cristerna had an opportunity to amend the FAC, she declined to do so. (*Id.*) The state court sustained the demurrers as to the claims for harassment, whistleblower retaliation, and IIED. (Ex. 80 to NOR, State Court Order at 80-8, 80-9, 80-12, Doc. 1-6.) The court acknowledged California's liberal standard for permitting amendment but did not grant leave to amend. (*Id.*) Having dismissed the only claims alleged against Goodnight—harassment and IIED—Goodnight was dismissed from the action. (*Id.* at 80-12.)

FedEx has now removed the action to federal court a second time and moved to dismiss the remaining causes of action. (Defs.' Mot. at 1.) Cristerna asks the Court to remand the case once again to state court. (Pl.'s Mot. at 1.)

**II.      MOTION TO REMAND**

As the party invoking the removal jurisdiction of this Court, FedEx bears "the burden of establishing federal jurisdiction." *California ex. Rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a). Here, the parties agree that the amount in controversy exceeds $75,000. (*See* Pl.'s Reply at 2.) And now that non-diverse Defendant Goodnight has been dismissed, there is complete diversity between the remaining parties. (NOR ¶ 19.) The question is whether Goodnight's dismissal has altered the Court's removability analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05180-JLS-MAA                                              Date: September 25, 2023
Title:  Cristerna v. FedEx Corp., et al.

'*voluntary*' act of the plaintiff brings about a change that renders the case removable." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978) (emphasis added).  This is because, absent "a fraudulent purpose to defeat removal," the plaintiff has "the power to determine the removability of his case … throughout the litigation," regardless of "what the defendant may allege or prove or what the court may … order." *Id.* at 659.

FedEx respond that there was a "fraudulent purpose to defeat removal" because Goodnight was fraudulently joined.  (Defs.' Opp. at 8.)  Actual fraud is not required to establish fraudulent joinder; rather, a removing defendant can demonstrate fraudulent joinder "by showing that the plaintiff cannot 'establish a cause of action against the non-diverse party in state court.'"  *Robey v. FCA US LLC*, 2020 WL 2488575, at *2 (C.D. Cal. May 14, 2020) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).  Because this is the second time that FedEx has removed on the basis of Goodnight's fraudulent joinder, it must show that "subsequent pleadings or events reveal[ed] a *new* and *different* ground for removal."  *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (emphasis in original) (quoting *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991)).

Indeed, subsequent events have revealed new reasons to conclude that Goodnight was fraudulently joined.  First, this Court previously informed Cristerna that her claims against Goodnight were insufficiently pleaded.  (*See* Ex. 55 to NOR at 55-5–55-6.)  But, in granting her first motion to remand, the Court noted that Cristerna could amend her complaint to state a harassment and IIED claim.  (*Id.*)  Although she was on notice that her claims for harassment and IED failed as alleged, Cristerna did not amend her complaint, despite having an opportunity to do so following the remand back to state court. (Defs.' Opp. at 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05180-JLS-MAA                             Date: September 25, 2023
Title:  Cristerna v. FedEx Corp., et al.

80-12, Doc. 1-5.)  Other courts in the Central District of California have found that a state court's decision to sustain a demurrer without leave to amend can foreclose a plaintiff's opportunity to demonstrate a possibility of liability against the non-diverse defendant. *See Duran v. DHL Express (USA), Inc.*, 2016 WL 742864, *7 (C.D. Cal. Feb. 24, 2016).  This Court agrees with that reasoning in the present case.  Between Cristerna's persistent disinterest in properly pleading a harassment and IIED claim against Goodnight and the state court's decision that she could not plead those claims even with amendment, the Court finds that new events show that she cannot possibly establish a cause of action against Goodnight, and therefore Goodnight was fraudulently joined.

Because Goodnight was fraudulently joined, it does not matter that his dismissal from the case was involuntary.  "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."  *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  After Goodnight is disregarded, complete diversity exists and removal is proper.  The Motion to Remand is DENIED.

### III. **MOTION TO DISMISS**

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05180-JLS-MAA                                   Date: September 25, 2023
Title:  Cristerna v. FedEx Corp., et al.

the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).  Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555.  The Court may not dismiss a complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks omitted).

Nine causes of action remain in this case: 1) discrimination on the basis of disability in violation of FEHA; 2) retaliation in violation of FEHA; 3) failure to provide reasonable accommodation in violation of FEHA; 4) failure to engage in the interactive process in violation of FEHA; 5) failure to prevent discrimination in violation of FEHA; 6) breach of express oral contract not to terminate without good cause; 7) breach of implied-in-fact contract not to terminate without good cause; 8) negligent hiring, supervision, and retention; and 9) wrongful termination.

Four of these causes of action require Cristerna to plead and prove that she is a qualified individual, meaning that she could perform the essential functions of her job, with or without reasonable accommodation.  Cal. Gov. Code § 12940.  This pleading requirement applies to Cristerna's claims for discrimination, failure to accommodate, failure to engage in the interactive process, and failure to prevent discrimination.  *See Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 355 (2000) (plaintiff must establish that she is qualified for the position to state a claim for discrimination); *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 373 (2015) (plaintiff must establish that she "could perform the essential functions of the job with reasonable accommodation" for a claim that employer failed to accommodate); *Scotch v. Art Inst. of Cal.*, 173 Cal. App. 4th 986, 1018 (2009) (plaintiff "must identify a reasonable accommodation that would have been available at the time the interactive process should have occurred" to plead a claim for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-05180-JLS-MAA                                              Date: September 25, 2023
Title:  Cristerna v. FedEx Corp., et al.

2d 1146, 1193 (C.D. Cal. 2013) (explaining that a failure-to-prevent claim requires a plaintiff to plead and prove that "defendants have engaged in actionable discrimination," which incorporates the elements of a discrimination claim).

      Here, the FAC does not offer any allegations to support the inference that Cristerna is a qualified individual who could perform the essential functions of her job with reasonable accommodations.  As FedEx argue, Cristerna fails to identify her job duties, her medical restrictions, or what accommodations would permit her to perform her duties.  (Defs.' Mot. at 8.)  Without these factual allegations, Cristerna has not pleaded a key element in four of her claims.  Cristerna suggests that she has sufficiently identified a reasonable accommodation because she requested light duty such as handing out keys or monitoring the gate.  (Pl.'s Opp. at 13.)  But without any context for what the essential functions of a Shuttle Driver are, the FAC cannot purport to identify *reasonable* accommodations.  *See Nealy*, 234 Cal. App. 4th at 375 (explaining, for example, "that elimination of an essential function is not a reasonable accommodation"). These four claims are DISMISSED WITH LEAVE TO AMEND.

      Next, to plead retaliation, "a plaintiff must show (1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005).  Cristerna insists that she engaged in protected activity by informally requesting accommodation and by opposing Goodnight's harassing conduct with her honest answers on the workplace survey.  (Pl.'s Opp. at 14.)  Even if the Court accepted that this was protected activity, the FAC does not sufficiently allege that this conduct resulted in the adverse employment decision, *i.e.* Cristerna's termination.  Instead, the FAC suggests that Cristerna was terminated because she had exceeded her sick leave, could not perform the essential functions of the position, and failed to secure another position within the company.  (FAC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:23-cv-05180-JLS-MAA | Date: September 25, 2023 |
| Title:  Cristerna v. FedEx Corp., et al. | |

other factual allegations that support an alternative reason for termination.  As a result, the retaliation claim is DISMISSED WITH LEAVE TO AMEND.

Cristerna's two breach of contract claims also fall short.  Both require a plaintiff to plead the terms, conditions, and circumstances of the alleged contract.  *See Zilmer v. Carnation Co.*, 215 Cal. App. 3d 29, 36 (1989) (explaining that, for a breach of an express oral contract, a plaintiff must "allege explicit words by which the parties agreed that he would not be terminated without good cause"); *Guz*, 24 Cal. 4th at 336–37 (explaining that an implied-in-fact agreement not to terminate without good cause can be created by "the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged").  The FAC offers only conclusory allegations without factual support as to what oral promises were made or when or how an implied-in-fact contract was created based on the relevant factors.  These claims are DISMISSED WITH LEAVE TO AMEND.

Cristerna's cause of action for wrongful termination in violation of public policy similarly lacks factual support.  The only public policies that might have been implicated by Cristerna's termination are the protections for disabled individuals provided by FEHA or the substantively similar protections provided by federal law in the American with Disabilities Act.  As discussed, the FAC does not sufficiently allege any violations of FEHA's statutory provisions and therefore Cristerna's termination cannot be said to have been violative of that policy.  The claim is DISMISSED WITH LEAVE TO AMEND.

Finally, the FAC fails sufficiently to plead negligent hiring, supervision, and retention.  "Negligence liability will be imposed on an employer if it 'knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes.'" *Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:23-cv-05180-JLS-MAA | Date: September 25, 2023 |
| Title: Cristerna v. FedEx Corp., et al. | |

purported basis for this claim is the hiring and retention of Goodnight. (Pl.'s Opp. at 19.) But the FAC fails to allege how FedEx knew or should have known of the risk of discrimination that Goodnight created. Cristerna asserts that FedEx had notice because of several complaints from employees about management. (Pl.'s Opp. at 19.) But the FAC does not allege that those complaints named Goodnight or that the complaints described the *particular* risk that Goodnight might discriminate on the basis of disability. The claim is DISMISSED WITH LEAVE TO AMEND

**IV.     CONCLUSION**

For the above reasons, Plaintiff's Motion to Remand is DENIED and Defendants' Motion to Dismiss is GRANTED. Plaintiff is GRANTED LEAVE TO AMEND the pleading, correcting the deficiencies identified herein in a manner consistent with this Order and with all Rule 11 obligations. Any amended complaint shall be filed **within twenty-one (21) days** of the date of this Order. Failure to timely file an amended complaint will result in the dismissal of this action and closing of the case without further notice.

Initials of Deputy Clerk: gga